J-S16005-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| LEVI ROBERT FOUX | : | |
| Appellant | : | No. 1319 MDA 2024 |

Appeal from the Judgment of Sentence Entered August 1, 2024
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000237-2024

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: AUGUST 13, 2025**

Levi Robert Foux appeals from the judgment of sentence, entered in the Court of Common Pleas of Bradford County, after he pled no contest to simple assault.[1]  Counsel has filed an ***Anders***[2] brief and a petition to withdraw from her representation of Foux.  Upon review, we grant counsel's petition to withdraw and affirm Foux's judgment of sentence.

On June 10, 2024, Foux pled no contest to simple assault at docket number CP-08-CR-0000237-2024.[3]  On August 1, 2024, the trial court

_____

[1] 18 Pa.C.S.A. § 2701.

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

[3] On March 2, 2023, Foux was charged with simple assault and harassment for "yank[ing]" his wife's car door open, trying to grab her, and twisting two of her fingers in his hand as she pulled away.  ***See*** N.T. Trial, 4/17/24, at 5 ("[I]t was very painful. . . . And it felt like my finger was broken.").

sentenced Foux to 8 to 24 months' imprisonment. Immediately following sentencing on the instant case, the court then resentenced Foux on another docket to 19 to 60 months' imprisonment for terroristic threats, which was imposed consecutively to a 4-to-23-month sentence Foux was currently serving at a third docket number, for an aggregate sentence of 31 to 107 months' imprisonment. On August 8, 2024, Foux filed a post-sentence motion, which was denied on August 16, 2024. *See* Pa.R.Crim.P 720(B)(3). Foux filed a timely notice of appeal on September 13, 2024. Counsel then filed a petition to withdraw as counsel and an *Anders* brief pursuant. Foux raises the following claims for our review:

1. Was the sentence imposed on [Foux] excessive in light of [his] circumstances, particularly with regard[] to [his] treatment and rehabilitative needs?

2. Whether the [trial] court erred in not mentioning whether [Foux] was eligible for State Drug Treatment Program in its [o]rder.

*Anders* Brief, at 4.

Prior to reviewing Foux's claim, we must determine if counsel has complied with the procedural requirements to withdraw. In order to withdraw pursuant to *Anders*, counsel must meet certain requirements:

(1) counsel must petition the court for leave to withdraw[,] stating that[,] after making a conscientious examination of the record[,] it has been determined that the appeal would be frivolous; (2) counsel must file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no[-]merit" letter or amicus curiae brief; and (3) counsel must furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed pro se[,] or raise any additional points that he deems worthy of the court's attention.

*Commonwealth v. Hernandez*, 783 A.2d 784, 786 (Pa. Super. 2001).

In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court reconsidered the appropriate withdrawal procedure and held that, in order to withdraw under *Anders*, counsel must also articulate in his or her brief the reasons for concluding his or her client's appeal is frivolous. *Id.* at 359-60. By providing an explanation of the frivolity, the *Anders* brief can better serve the appellate court. *See Santiago*, 978 A.2d at 361 ("Accordingly, we hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous."). Once counsel has met these procedural requirements, this Court has the duty to conduct its own review of the merits of the claims set forth in the *Anders* brief to determine whether the appeal is "wholly frivolous." *Hernandez*, *supra* at 786 (citations omitted).

Instantly, counsel's petition to withdraw states that she has made a conscientious examination of the record and determined the appeal is frivolous. Counsel indicates that she supplied Foux with a copy of the *Anders* brief and a letter explaining his options: (1) right retain new counsel to pursue the appeal; (2) ability to proceed pro se on the appeal; or (3) right to raise any points that he deems worthy of the court's attention in addition to the

points raised by counsel in the **Anders** brief.[4]  **See Anders** Brief, at 17.  In the **Anders** brief, counsel sets out two issues and, pursuant to the dictates of **Santiago**, explains why she believes the appeal to be frivolous.  Thus, counsel has substantially complied with the requirements for withdrawal.  We now turn to our independent review of the record to determine whether Foux's appeal is wholly frivolous.[5]

First, Foux alleges that his sentence is harsh and excessive and fails to account for his circumstances and rehabilitative needs.  This claim is a challenge to the discretionary aspects of his sentence.  "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right."  **Commonwealth v. Tukhi**, 149 A.3d 881, 888 (Pa. Super. 2016).  Furthermore, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction as follows:

> We conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[4] Foux has not retained alternative counsel or filed a *pro se* brief.

[5] We conduct the independent review to determine whether "there appears on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated."  **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

- 4 -

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (some citations omitted).

Here, Foux has filed a timely notice of appeal and preserved his issues in a post-sentence motion. However, while counsel recognizes the requirement for a separate Rule 2119(f) statement in the brief, she fails to include one.[6] *See Anders* Brief, at 12-13. Nonetheless, because the Commonwealth failed to object to its omission, this otherwise fatal defect has been waived.[7]

Regarding the fourth prong of the test, we evaluate, on a case-by-case-basis, whether the appellant raises a substantial question. *See Commonwealth v. Bishop*, 831 A.2d 656, 660 (Pa. Super. 2003) (citation omitted). "In order to establish a substantial question, the appellant must show actions by the sentencing court [that are (1)] inconsistent with the Sentencing Code or [(2)] contrary to the fundamental norms underlying the

---

[6] *See Anders* Brief, at 12-13 ("Pursuant to [Rule] 2119, an [a]ppellant who seeks to appeal the discretionary aspects of the sentence imposed must provide a separate statement specifying where the sentence falls in relation to the Sentencing Guidelines and what particular provision of the Sentencing Code has been violated.") (citation omitted).

[7] "Because the requirement of Rule 2119(f) is procedural and not jurisdictional, the Commonwealth's failure to object to or otherwise assert the defect in the form of appellant's brief has resulted in a waiver of the defect." *Commonwealth v. Krum*, 533 A.2d 134, 138 (Pa. Super. 1987) (en banc). *See also Commonwealth v. Ziegler*, 112 A.3d 656, 661 (Pa. Super. 2015) (where counsel filed *Anders* brief, this Court reviewed discretionary sentencing claim even absent Rule 2119(f) statement as part of independent review of record).

sentencing process." *Id.* According to the Sentencing Code, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b).

Claims that a sentence is excessive or that a trial court failed to consider an appellant's rehabilitative needs generally do not raise substantial questions on their own. *See Griffin*, 65 A.3d at 936-37. In *Commonwealth v. Dodge*, 77 A.3d 1263 (Pa. Super. 2013), this Court recognized that a "bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question." *Id.* at 1270. In *Commonwealth v. Lawson*, 650 A.2d 876 (Pa. Super. 1995), this Court found a claim that the sentencing court failed to consider certain factors such as an appellant's rehabilitative needs generally fails to raise a substantial question. *Id.* at 881. *See also Commonwealth v. Devers*, 546 A.2d 12 (Pa. 1988) (recognizing where presentence investigation (PSI) reports exist, sentencing courts are presumed to be aware of and weigh them along with other factors). Nevertheless, in *Commonwealth v. Caldwell*, 117 A.3d 763 (Pa. Super. 2015) (en banc), this Court stated, "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Id.* at 770.

Here, we conclude that Foux has presented a substantial question for our review where he makes claims of an excessive sentence in conjunction with claims of the court failing to consider his rehabilitative needs. *Caldwell*,

*supra* at 770. However, we find no merit to Foux's sentencing claim. Despite Foux arguing that his sentence was excessive and too harsh, "[t]he sentence for simple assault falls within the standard range of the sentencing guideline." N.T. Sentencing, 8/1/24, at 8. The record presents "simply no hint of bias, partiality, prejudice, ill-will[,] or manifest unreasonableness by the court." *Commonwealth v. Kalichak*, 943 A.2d 285, 292 (Pa. Super. 2008).

Additionally, the sentencing court adequately considered Foux's rehabilitative needs and incorporated facts from the PSI into its rationale for sentencing. *See* N.T. Sentencing, 8/1/24, at 8-9 ("[N]ot only does the defendant have a prior record[,] but he has the history of violence and had demonstrated that he is [] a threat to the community multiple times."). *See also Devers*, *supra*. Thus, having determined Foux's sentence was not excessive in light of his circumstances and rehabilitative needs, we agree with the trial court that the claim is without merit. Accordingly, we conclude the issue is wholly frivolous and Foux is entitled to no relief. *See Commonwealth v. Pollard*, 832 A.2d 517, 527 (Pa. Super. 2003) ("Our examination of the record has convinced us there is no merit to the claims identified by counsel. Furthermore, our evaluation leads us to conclude that this appeal is wholly frivolous.").

Second, Foux argues that the trial court erred in failing to indicate in its sentencing order address whether he was eligible for the State Drug Treatment Program (SDTP). Regarding the procedure for SDTP selection, 61 Pa.C.S.A § 4104(a)(1) states:

> The sentencing judge shall employ the sentencing guidelines to identify persons who are eligible for participation in the [SDTP]. The judge shall consider the position of a victim of the crime, as advised by the prosecuting attorney, on whether to exclude the person from eligibility for placement in the [SDTP]. The judge shall exclude the person from eligibility if the prosecuting attorney opposes eligibility. **The judge shall note on the sentencing order if a person *has been excluded from eligibility* for the [SDTP].** If the person is not excluded from eligibility, the minimum sentence imposed shall operate as the minimum for parole eligibility purposes if the person is not placed in the program by the department under subsection (c) or if the person is expelled from the program under section 4105(f) (relating to [SDTP]).

*Id.* (emphasis added).

The language of the statute is clear that the sentencing court need only note in its sentencing order if the person is excluded from eligibility. *See* 1 Pa.C.S.A. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). Additionally, the statute does not "[c]onfer any legal right upon any individual . . . to . . . participate in a drug offender treatment program." 61 Pa.C.S.A. § 4108(1)(i). Ultimately, the Department of Corrections, in its discretion, decides whether an eligible offender will be admitted into the SDTP. *Id.* § 4104(c).

We agree with the trial court that "[t]here is no requirement for the court to make a defendant eligible in the sentencing order." Trial Court Opinion, 12/3/2024, at 4. Foux has not been excluded from eligibility for the SDTP pursuant to subsection 4104(a)(1). As part of the plea agreement, the Commonwealth did not object to Foux's eligibility. On the court's commitment

order, the box titled "State Drug Treatment Program Ineligible" was left unchecked, further supporting the claim that Foux's eligibility for the SDTP was not precluded by the sentencing order's silence on the issue.[8] **See** Court Commitment, 8/7/24, at Exhibit 24.

Further, Foux's counsel acknowledged that the Department of Corrections ultimately decides whether Foux will be placed in the program despite no mention of SDTP in the sentencing order. **See** N.T. Sentencing, 8/1/24, at 3 ("He is looking forward to potentially availing himself with the [SDTP] if that is allotted to him through the [Department of Corrections]."). Therefore, Foux's claim is without merit.

Finally, upon our independent review of the record, we conclude that there are no arguably meritorious issues that counsel missed or misstated and, thus, Foux's appeal is wholly frivolous. **See Dempster**, **supra**.

---

[8] **See** 204 Pa. Code § 303.12(2) ("The court shall indicate on the offender's commitment order and the Guideline Sentence Form if the person is excluded from eligibility for the State Drug Treatment Program.").

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.


_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 08/13/2025